Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-5530
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Debbie Thompson,** an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Midland Credit Management, Inc.,** a Kansas corporation; **Blatt, Hasenmiller, Leibsker & Moore, LLC,** an Illinois limited liability company; | |
| Defendants. | (Jury Trial Demanded) |

Plaintiff, Debbie Thompson, by and through counsel undersigned and in good faith, alleges as follows:

**I. PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"), and/or the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et*

1  *seq*.  Plaintiff seeks an award of statutory damages, actual damages, punitive
2  damages, costs and attorney's fees.

## II.  STATUTORY STRUCTURE OF FDCPA.

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists.  Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. STATUTORY STRUCTURE OF FCRA.

8. When Congress enacted the FCRA in 1970, it recognized that "Unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system." FCRA § 1681(a)(1).

9. Congress crafted the FCRA to protect consumers from the transmission of inaccurate information about them. Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1985).

10. In 1996 Congress amended the FCRA imposing upon furnishers of information, such as the defendant herein, detailed and specific responsibilities, including those in FCRA § 1681s-2(b). The furnisher has its own obligation to conduct a reasonable investigation of Plaintiff's disputes. Johnson v. MBNA, 357 F.3d. 426 (4th Cir. 2004); Cushman v. Trans Union Corporation, 115 F.3d 220, 227 (3d Cir. 1997).

11. Any furnisher which fails to conduct a reasonable investigation under FCRA § 1681s-2(b), is liable to the consumer for any actual damages sustained, and if the failure is willful, then actual damages sustained or statutory damages of not less than $100 and not more than $1,000, and punitive damages, together with attorney's fees and costs of the action. FCRA §§ 1681n and *o*.

### IV. JURISDICTION

12. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### V. PARTIES

13. Plaintiff is a citizen of Maricopa County, Arizona.

14. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3) and FCRA § 1681a(c).
15. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas corporation.
16. MCM is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905285.
17. MCM regularly collects or attempts to collect debts owed or asserted to be owed or due another.
18. MCM regularly collects or attempts to collect debts which it has purchased after default.
19. MCM is a "debt collector" as defined by FDCPA § 1692a(6).
20. MCM is a "person" as defined by FCRA § 1681a(b).
21. MCM is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
22. Defendant Blatt, Hasenmiller, Leibsker & Moore LLC ("BHLM") is an Illinois limited liability company.
23. BHLM is a law firm with an office located in Arizona at 1225 E. Broadway Road, Suite 220, Tempe, Arizona 85282.
24. BHLM regularly collects or attempts to collect debts owed or asserted to be owed or due another.
25. BHLM is a "debt collector" as defined by FDCPA § 1692a(6).

## VI. FACTUAL ALLEGATIONS

26. In or about 2000, someone other than Plaintiff opened a credit card account with Providian Bank using Plaintiff's name and personal identification.

27. Upon information and belief, the account defaulted shortly after it was opened.
28. Providian sold the account to a third party purchaser of defaulted debts.
29. The Providian account was ultimately sold in or about October 2007 to Midland Funding, LLC, an affiliate company of MCM.
30. MCM began reporting the account to Plaintiff's credit reports in or about November 2007.
31. In December 2007 or January 2008, Plaintiff applied for and was denied a lower interest rate on a student loan based upon the negative reporting by MCM of the Providian account.
32. On January 15, 2008, Plaintiff sent a letter to MCM disputing the Providian debt and demanding that it delete its tradeline from the credit reporting agencies.
33. Plaintiff stated in her letter to MCM that the account was fraudulently opened, and that she did not owe it.
34. On or about January 21, 2008, MCM sent Plaintiff a letter acknowledging her dispute of the Providian debt.
35. MCM claimed the balance owing in the January 21, 2008 letter was $1,077.26.
36. The January 21, 2008 letter from MCM was the first communication from MCM to Plaintiff concerning the Providian debt.
37. The January 21, 2008 letter from MCM did not contain the verification / validation notice as required by 15 U.S.C. § 1692g.
38. On or about January 22, 2008, MCM sent Plaintiff a demand letter stating in part that "Midland Credit Management, Inc has made several attempts to contact you concerning [this debt]."
39. The January 22, 2008 letter also threatens Plaintiff with legal action should she not "immediately contact [MCM] to make arrangements to pay this debt."

- 5 -

40. Sometime thereafter, MCM returned the account to Midland Funding, and upon information and belief, informed Midland Funding that Plaintiff had disputed the debt.
41. Midland Funding subsequently assigned the account to BHLM for collection purposes.
42. Upon information and belief, Midland Funding did not communicated to BHLM that Plaintiff disputed the Providian debt.
43. On or about April 2, 2008, BHLM sent Plaintiff a collection letter concerning the Providian debt.
44. The BHLM letter stated that the current balance as of the date of the letter was $745.05.
45. The April 2, 2008 letter from BHLM was the first communication from BHLM to Plaintiff concerning the Providian debt.
46. On April 23, 2008, Plaintiff sent BHLM a letter disputing the Providian debt.
47. In April 2008, Plaintiff also sent letters to Equifax, Experian and Trans Union disputing the MCM tradeline reported on Plaintiff's credit file.
48. In or about June 2008, Plaintiff again disputed the MCM tradeline with Experian and requested that it be deleted.
49. Upon information and belief, each of the credit bureaus contacted MCM concerning Plaintiff's disputes of its tradeline.
50. Upon information and belief, MCM verified to Experian in July 2008 that its tradeline was reported correctly.
51. Defendants' actions as outlined above were taken as part of their persistent and routine practice of debt collection.
52. Defendant MCM has continued to report inaccurate, derogatory and improper

1   information and failed to retract, delete and/or suppress inaccurate, derogatory
2   and improper information about the Plaintiff, as described more fully herein.
3   53. As a result and proximate cause of Defendants' actions, Plaintiff has suffered
4   actual damages, and continues to suffer damages.

### VII.  CAUSES OF ACTION

#### a.  Fair Debt Collection Practices Act

7   54. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing
8   paragraphs.
9   55. Defendant MCM's violations of the FDCPA include, but are not necessarily
10  limited to, 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10), 1692f(1), and
11  1692g.
12  56. Defendant BHLM's violations of the FDCPA include, but are not necessarily
13  limited to, 15 U.S.C. §§ 1692g.
14  57. As a direct result and proximate cause of Defendants' violations of the FDCPA,
15  Plaintiff has suffered actual damages for which they are liable.

#### b.  Fair Credit Reporting Act

17  58. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing
18  paragraphs.
19  59. Defendant MCM failed to conduct a reasonable investigation of Plaintiff's
20  disputes it received from the consumer reporting agencies, and otherwise failed to
21  comply with FCRA § 1681s-2(b).
22  60. Defendant MCM has willfully, or alternatively, negligently violated FCRA §
23  1681s-(b) on multiple occasions.
24  61. As a direct result and proximate cause of Defendant MCM's continued reporting
25  of erroneous and adverse information on Plaintiff's credit report, Plaintiff has

1  suffered and continues to suffer damages.

2  62.  Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with
3       any requirement imposed under the FCRA with respect to any consumer is liable
4       to that consumer in an amount equal to the sum of (1) any actual damages
5       sustained by the consumer as a result of the failure and (2) in the case of any
6       successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the
7       action together with reasonable attorneys' fees.

8  63.  As a result of Defendant's negligent failure to comply with the FCRA, Defendant
9       is liable to Plaintiff in an amount equal to the sum of (1) any actual damages
10      sustained by Plaintiff as a result of said failure and (2) the costs of this action
11      together with reasonable attorneys' fees.

12 64.  Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any
13      requirement imposed under the FCRA with respect to any consumer is liable to
14      that consumer in an amount equal to the sum of (1) any actual damages sustained
15      by the consumer as a result of the failure or damages or not less than $100.00 and
16      not more than $1,000.00; (2) such amount of punitive damages as the court may
17      allow; and (3) in the case of any successful action to enforce any liability under 15
18      U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

19 65.  As a result of Defendant's willful failure to comply with the FCRA, Defendant is
20      liable to Plaintiff in an amount equal to the sum of (1) any actual damages
21      sustained by Plaintiff as a result of the failure or damages of not less than $100.00
22      and not more than $1,000.00 for each such violation; (2) such amount of punitive
23      damages as the court may allow; and (3) the costs of this action together with
24      reasonable attorneys' fees.

25

**VIII.  DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

**IX.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a)   Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b)   Actual damages for the FDCPA violations in an amount to be determined at trial;

c)   Actual damages under the FCRA, or in the alternative, statutory damages of not less than $100 and not more than $1,000 per violation pursuant to FCRA § 1681n;

d)   Punitive damages pursuant to FCRA § 1681n;

e)   Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n and/or *o*; and

f)   Such other relief as may be just and proper.

DATED   December 8, 2008  .

                s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**LAW OFFICE OF
FLOYD W. BYBEE, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff